## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY E. MITCHELL,<br><br>    Plaintiff,<br>  v.<br><br>CAMDEN COUNTY JAIL,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-06202 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Timothy E. Mitchell, Plaintiff Pro Se
161 Madison Ave.
Gloucester, NJ 08312

**SIMANDLE, District Judge:**

1. Plaintiff Timothy E. Mitchell seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

2. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will

dismiss the complaint with prejudice in part and without

prejudice in part for failure to state a claim. 28 U.S.C.

§ 1915(e)(2)(b)(ii).

4.    To survive *sua sponte* screening for failure to state a

claim, the complaint must allege "sufficient factual matter" to

show that the claim is facially plausible. *Fowler v. UPMS

Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

"A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct

alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)).

5.    Plaintiff brings this action pursuant to 42 U.S.C.

§ 1983[1] for alleged violations of Plaintiff's constitutional

---

[1] Section 1983 provides: "Every person who, under color of any
statute, ordinance, regulation, custom, or usage, of any State .
. . subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to
the deprivation of any rights, privileges, or immunities secured
by the Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other proper
proceeding for redress . . . ." 42 U.S.C. § 1983.

rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6.      Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

7.    Because Plaintiff has not sufficiently alleged that a "person" deprived him of a federal right, the complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. Plaintiff seeks monetary damages from CCJ for allegedly unconstitutional conditions of confinement. The CCJ, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Because the claims against the CCJ must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ as a defendant.

8.    Plaintiff may be able to amend the complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

9.    However, to the extent the complaint seeks relief for conditions Plaintiff encountered during confinements ending prior to September 30, 2014, those claims are barred by the statute of limitations and must be dismissed with prejudice,

meaning that Plaintiff cannot recover for those claims because

they have been brought too late.[3]

     10. All but one of Plaintiff's four alleged confinements

at the CCJ occurred outside of the statute of limitations for

claims brought pursuant to § 1983. Plaintiff alleges he was

confined at the CCJ from September 2006 to January 2007,

September 2012 to February 1, 2013, February 13, 2013, to

September 11, 2013, and February 2015 to May 22, 2015. Complaint

§ III. Civil rights claims under § 1983 are governed by New

Jersey's limitations period for personal injury and must be

brought within two years of the claim's accrual. *See Wilson v.*

*Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*,

603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of

action accrues when the plaintiff knew or should have known of

the injury upon which the action is based." *Montanez v. Sec'y*

*Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The

allegedly unconstitutional conditions of confinement Plaintiff

encountered at CCJ would have been immediately apparent to

Plaintiff at the time of his detention;[4] therefore, the statute

---

[3] Plaintiff filed this complaint on September 30, 2016.
[4] The fact section of the complaint states: "Went to 7 day
quarantine where I was stepped on by heroin withdrawal inmate
and water from a urinated toilet. I also had receive [sic] MRSA
from the unsanitary conditions of not being allowed to shower
for some days during the stay. I was not even allowed to shower.
The correctional officers placed me in a cell that was filled
with 4 inmates and some of the time 5 inmates." Complaint § III.

of limitations for Plaintiff's September 2006 to January 2007,

September 2012 to February 1, 2013, and February 13, 2013, to

September 11, 2013, claims expired, respectively, in January

2009, February 2015, and September 2015, well before this

complaint was filed in September 2016. Plaintiff therefore

cannot recover for these claims.[5]

11.  As Plaintiff may be able to amend his complaint to

address the deficiencies noted by the Court, the Court shall

grant Plaintiff leave to amend the complaint within 30 days of

the date of this order. However, in the event Plaintiff does

elect to file an amended complaint, in addition to naming a

proper defendant, Plaintiff should focus only on the facts of

his 2015 confinement. Because Plaintiff's claims arising from

his earlier confinements are barred by the statute of

limitations and must be dismissed with prejudice, Plaintiff may

not assert these claims in the amended complaint.

---

Plaintiff does not allege when these events occurred, however,
and it is therefore unclear which events, if any, occurred
within the statute of limitations for Plaintiff's claims.
[5] Although the Court may toll, or extend, the statute of
limitations in the interests of justice, certain circumstances
must be present before it can do so. Tolling is not warranted in
this case because the state has not "actively misled" Plaintiff
as to the existence of his cause of action, there are no
extraordinary circumstances that prevented Plaintiff from filing
his claim, and there is nothing to indicate Plaintiff filed his
claim on time but in the wrong forum. *See Omar v. Blackman*, 590
F. App'x 162, 166 (3d Cir. 2014).

12.   Plaintiff should note that when an amended complaint
is filed, the original complaint no longer performs any function
in the case and cannot be utilized to cure defects in the
amended complaint, unless the relevant portion is specifically
incorporated in the new complaint. 6 Wright, Miller & Kane,
Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes
omitted). An amended complaint may adopt some or all of the
allegations in the original complaint, but the identification of
the particular allegations to be adopted must be clear and
explicit. *Id.* To avoid confusion, the safer course is to file an
amended complaint that is complete in itself.[6] *Id.*

13.   For the reasons stated above, the claims arising from
Plaintiff's September 2006 to January 2007, September 2012 to
February 1, 2013, and February 13, 2013, to September 11, 2013,
confinements are barred by the statute of limitations and
therefore are dismissed with prejudice. The remainder of the
complaint, insofar as it seeks relief for conditions Plaintiff
encountered during his 2015 confinement, is dismissed without
prejudice for failure to state a claim. The Court will reopen
the matter in the event Plaintiff files an amended complaint
within the time allotted by the Court.

---

[6] The amended complaint shall be subject to screening prior to
service.

14.  An appropriate order follows.


**June 29, 2017**                              **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                               U.S. District Judge